IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-62-BO

| | |
|---|---|
| CHARLES PAYNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF RALEIGH, P.T. )<br>MORRISON, individually, in his )<br>official capacity as an officer of the Raleigh )<br>Police Department, and in his capacity as )<br>a security guard with The Pourch/The )<br>Bassment, and JUST OURS, LLC d/b/a )<br>THE POURCH/THE BASSMENT )<br>)<br>Defendants. )<br>) | O R D E R |

This matter is before the Court on Defendants' Motions for Summary Judgment [DE 78 & 80]. Plaintiff, proceeding *pro se*, has failed to respond to the pending motions. For the reasons discussed below, Defendants' Motions for Summary Judgment are granted.

BACKGROUND

Plaintiff filed this action against the City of Raleigh, the Raleigh Police Department, an officer thereof, and a nightclub alleging violations of 42 U.S.C. § 1983 and claims of assault and battery, intentional infliction of emotional distress, and negligence. The claims arise from an incident that occurred on Friday, August 8, 2008, at approximately 11:45 p.m. Plaintiff alleges that he went to a nightclub called The Pourch/The Bassment located in Raleigh, North Carolina to meet a friend. An off-duty Raleigh Police officer, Defendant Morrison, and a bouncer mistook

Plaintiff's affected gait and speech as signs of gross intoxication and asked Plaintiff to leave the premises. Plaintiff maintains that he was not intoxicated and that his affected gait and speech were in fact a result of his cerebral palsy. After trying to explain this, Plaintiff attempted to enter the nightclub. Plaintiff contends that Officer Morrison used excessive force in restraining him from entering the nightclub and in attempting to handcuff Plaintiff. Several on-duty Raleigh Police officers arrived at the scene and began to either assault or subdue and arrest Plaintiff while Plaintiff remained on the ground. Plaintiff's legs were later bound and he was driven to the Wake County Detention Center. Plaintiff's father later retrieved Plaintiff from the Detention Center and took him immediately to the hospital for treatment.

Defendant Raleigh Police Department was dismissed by an order of this Court entered June 30, 2010 [DE 48]. Plaintiff voluntarily dismissed with prejudice Defendant Just Ours, LLC d/b/a The Pourch/The Bassment on March 7, 2011 [DE 71]. Plaintiff's counsel subsequently filed a motion to withdraw which was granted on April 19, 2011 [DE 76]. Plaintiff has since proceeded in this action *pro se*.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a

trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986).

At the outset, the Court must address the fact that Plaintiff has failed to respond to either of the pending Motions for Summary Judgment. Rule 56(e) of the Federal Rules of Civil Procedure provides that if a party fails to properly respond to an assertion of fact, the court may grant summary judgment "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. Pro. 56(e)(3).

On May 2, 2011, the Clerk of Court notified Plaintiff that Motions for Summary Judgment had been filed and outlined the time in which Plaintiff could respond to those motions [DE 82]. Additionally, the letter from the Clerk provided Plaintiff with the pertinent language of Rule 56 mentioned above.[1] This letter was sent in conformity with the requirements announced by the Fourth Circuit in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which held that the district court must provide a *pro se* litigant with fair notice of the requirements of Rule 56. *Id.* at 310.[2] Because Plaintiff has failed to respond to the pending motions, and there is nothing in the

---

[1]Rule 56(e) as cited in Plaintiff's Rule 56 letter was amended in 2010. Rule 56(e) continues, however, to put the non-moving party on notice that failure to properly support or address a fact may result in the court's granting of summary judgment for the moving party.

[2]The Clerk mailed a copy of this letter to Plaintiff at his address provided by his former counsel who was permitted to withdraw [DE 77]. Although Plaintiff failed to respond to the Motions for Summary Judgment, Plaintiff has filed a communication with the Court since his counsel was permitted to withdraw. Plaintiff responded by letter to a motion by the mediator in this case for an Order for Payment of Mediator Fees [DE 86]. Plaintiff filed his letter in response

record to suggest that Plaintiff did not receive the Clerk of Court's letter, the Court will consider whether the moving parties are entitled to summary judgment against Plaintiff. Fed. R. Civ. P. 56(e)(3).

Upon consideration of the pending Motions for Summary Judgment, even when viewing the facts in the light most favorable to Plaintiff, the Court finds no genuine issue of material fact with regard to Plaintiff's claims. The uncontroverted evidence suggests that Defendant Morrison had probable cause to arrest Plaintiff, that he did not use an objectively unreasonable amount of force when restraining Plaintiff, and that his conduct was not sufficiently outrageous nor was it intended to cause Plaintiff severe emotional distress. *See Gomez v. Atkins*, 296 F.3d 253, 262 (4th Cir. 2002) (discussing the standard for assessing whether probable cause existed); *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc) (discussing the test for reasonableness under the Fourth Amendment); *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981) (defining the elements of the North Carolina tort of intentional infliction of emotional distress). There is also nothing in the record to suggest that the City of Raleigh was negligent in hiring or supervising Officer Morrison or any of the other Raleigh Police officers. Additionally, both Defendant Morrison and the City of Raleigh are likely entitled to qualified immunity as to Plaintiff's claims. *See Thompson v. Town of Dallas*, 142 N.C. App. 651, 655, 543 S.E.2d. 901, 904 (2001) (discussing North Carolina law on the liability of public officers for official acts made without malice or corruption); Board *of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 402 (1997) (discussing liability of a municipality for § 1983 violations).

---

to the mediator's motion within 15 days of its being filed with the Court, and that communication bore the same return address to which the Court mailed the Rule 56 letter.

## CONCLUSION

Defendants have met their burden of demonstrating the no genuine issues of material fact exist. As the Court has only Plaintiff's pleadings to consider, it finds that Plaintiff has failed to demonstrate specific material facts in dispute sufficient to survive summary judgment. Accordingly, Defendant Morrison's and Defendant City of Raleigh's Motions for Summary Judgment are GRANTED. Because Defendants Raleigh Police Department and Just Ours, LLC have been previously dismissed, this matter is now DISMISSED IN ITS ENTIRETY.

SO ORDERED, this 25 day of October, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE